Hall, Judge.
I think it was the object of the act of 1789, jRev. ch. 312. entitled “ an act for the more easy redemption of mortgages,” to put it in the power of the Combs of Law to finally put an end to suits brought under deeds of mortgage against mortgagors, as long as the parties thereto stood in their original simple state of mortgagee and mortgagor, and their relation to each other in that respect had not become more complex and encumbered with subsequent arrangements, as in the present case. For instance, Kelly became indebted to the branch State Bank, and gave a mortgage on the 1st day of August, 1818, to secure to them the sum of §16,000, for the land in question, and other property; this suit is brought for that property, or part of it. What, under the act, is expected to be done? Why, that all the principal monies and interest due on such mortgage, shall be brought into Court. This has not been done. But it is said the reason is that Kelly and the bank had entered into new arrangements; that Marsoratti, who claims the is land through Kelly, shall have the island, provided he pays § 3000 and interest. Be it so. This is a new arrangement between the parties since the mortgage was given, and it is upon such arrangement that the defendants argue that they are entitled to the benefits of this act of assembly, and not upon the original contract under the mortgage. But I am of opinion that this Court, or the Court below, have not cognizance of this second contract under that act of assembly, evidenced by bank resolutions and the note discounted in the bank in part discharge of Kelly’s debt; these are circumstances which the defendant has it in his power to make available, as far as at present appears, in some other way than by this application to have this ejectment dismissed upon his proving that he has paid $ 3000 in conformity to the second agreement that he *342 made with the hank. I think we have no authority under that act. to incorporate the second agreement of the parties with the first which they made when the moi’tgage Was given, and act upon both. Were we to be led off from the beaten road by this after agreement, there is no certainty where we should stop. Agreement after agreement might present itself, all connected with the original agreement under the mortgage. It has assumed too complex a shape to he adjusted in this action under that act of assembly.
Per Curiam. Let the rule for a new trial he discharged.